**UNITED STATES of America,**
**Appellee,**

v.

**Carlos DAVILA, Appellant.**

**No. 24883.**

United States Court of Appeals,
Ninth Circuit.

June 29, 1970.

Rehearing Denied Aug. 10, 1970.

Allen U. Schwartz (argued), of Negri, Burrell, Risley & Schwartz, Encino, Cal., for appellant.

Eric Nobles (argued), Asst. U. S. Atty., Wm. Matthew Byrne, Jr., U. S. Atty., Robert L. Brosio, Chief, Criminal Division, Los Angeles, Cal., for appellee.

Before HAMLEY and ELY, Circuit Judges and POWELL, District Judge.*

PER CURIAM:

This appeal follows Davila's conviction for having unlawfully smuggled marijuana into the United States. 21 U.S.C. § 176a. The trial was to a jury, and two "unindicted co-conspirators" testified in the prosecution's behalf. After his conviction, Davila filed a Motion for a New Trial. The principal ground for the Motion was the claim that appellant's attorney had learned, after the trial, that "Government agents" promised to "help make things easier for" one of the prosecution witnesses if he would cooperate and testify against Davila. At the time of the latter's trial, this witness had a similar charge pending against him in the District of Arizona. In seeking a new trial, Davila claimed that had he known of this "deal" and been able to bring it to the jury's attention, the witness would have been severely impeached, and the jury might have concluded that Davila was not guilty. It follows, he argues, that the district judge erred in overruling the Motion for a New Trial. We reject the argument.

■ When newly discovered evidence is the ground for a Motion for New Trial, and the introduction of such evidence would be material only for the purpose of impeaching a witness, the court may properly deny a new trial unless it appears that had the impeaching evidence been introduced, it is likely that the jury would have reached a different result. Applying this test, and considering the record as a whole, we are of the opinion that the jury would likely have convicted Davila even had the evidence, claimed to have been newly discovered, been introduced at the trial. In their summations, both the prosecutor and the defense counsel discussed the possibility that the prosecuting witnesses would receive favorable consideration for having testified against Davila. The prosecutor very forthrightly and fairly stated to the jury, as to one of the witnesses, "And it's fairly obvious that he has some kind of self interest in his testimony," and, as to the other witness, "So, it is fairly obvious again that whatever cooperation he might have given will most probably be called to the attention of the sentenc-

* Honorable Charles L. Powell, United States District Judge, District of Washington, sitting by designation.

ing judge before he imposes sentence. So, you want to keep this in mind." The defense attorney commented: "I am not saying the Government is in some kind of a conspiracy against Davila, all I am saying is that [one of the witnesses] certainly can expect a good deal." In the light of these arguments by responsible attorneys, we cannot believe that any jury could be so naive, collectively, as not to consider whether the witnesses' testimony was influenced by their hope for reward.

Davila's second contention is that the mandatory minimum sentence requirement of 21 U.S.C. § 176a is offensive to the Eighth Amendment's prohibition against the infliction of cruel and unusual punishment. We reject this contention, as we have repeatedly done before. Bettis v. United States, 408 F.2d 563, 569 (9th Cir. 1969); Daut v. United States, 405 F.2d 312, 316 (9th Cir. 1968); Browning v. United States, 366 F.2d 420, 422 (9th Cir. 1966); Gallego v. United States, 276 F.2d 914, 917 (9th Cir. 1960). In this connection, we observe that under the 1966 statutory amendment, one convicted of smuggling marijuana may be paroled even though sentenced to the mandatory minimum term of confinement. Pub.L. 89–793, Title V, § 501, 80 Stat. 1449 (Nov. 8, 1966).

Affirmed.