Isaac Rubin, J.
The defendant has been indicted on charges óf criminally selling a controlled substance in the third degree (two counts) and criminal possession of a controlled substance in the third degree (two counts).
The defendant now moves for an order dismissing the indictment on the ground that all New York statutes underlying the indictment are unconstitutional.
In the first instance the People oppose the motion on the grounds that heretofore and on March 19, 1974 this defendant moved, by way of an omnibus motion, for dismissal of each and every count of the indictment. In making that motion he apparently neglected to raise the constitutional issue. The District Attorney argues that CPL 210.20 (subd. 3) states that a defendant should raise every ground upon which he intends to rely in one motion, and points out that the court may summarily deny any subsequent motion simply on the basis that the defendant could have included such ground in his original motion. The cited section also provides, however, that the court in the interests of justice and for good, cause shown, may in its discretion entertain and dispose of such a motion on the merits. This court is of the opinion that the underlying basis for this motion is of such importance that it should not be disposed of on a technicality.
*654 As to the merits of the motion, the defendant takes the position that what is often referred to as the “ New Drug Law ” mandates certain severe sentences of incarceration, and this constitutes cruel and inhuman treatment and violates the Fifth, Eighth and Fourteenth Amendments to the United States Constitution. Specifically, with regard to his client in this case, counsel alleges that he is accused of the sale of $11 worth of methadone, and as a result he faces a possible sentence of life imprisonment.
While neither counsel for the defendant nor counsel for the People has specified the sections of the law to which the motion is addressed, it is clear that they deal with sections 220.16 and 220.39 of the Penal Law which define the charges contained in this indictment and section 70.00 (subd. 2, par. [a]) of the Penal Law which specifies the sentence where a defendant is found guilty of these charges.
It is appropriate at this time to examine the facts and circumstances leading up to the enactment of these sections which occurred during the legislative session of 1973. For many years prior thereto law enforcement officials as well as various social agencies and the public at large had become aware of a constantly increasing incidence in drug related crimes. A Temporary State Commission to Evaluate the Drug Laws was appointed, which made continuing reports, and various comparatively minor changes were enacted in the Penal Law prior to 1973. Thereafter, major changes were recommended (see Temporary State Commission to Evaluate the Drug Laws — interim report [1972], Leg. Doc. No. 10).
On January 3,1973 Governor Rockefeller delivered his annual message to a joint session of the 196th Legislature. He devoted a considerable portion of that address to the narcotic problem, pointing out that all efforts up to that time to stop addiction and reduce drug related crimes had been a tragic failure. He stated further that he intended to ask the Legislature to enact laws which would make the punishment for drug crimes much more severe and “ To close all avenues for escaping the full force of this sentence ” (Governor’s Annual Message, McKinney’s 1973 Sess. Laws of N. Y., vol. 2, pp. 2309, 2318, 2319 et seq.)
Thereafter, the Legislature enacted chapters 276, 277 and 278 and chapter 603 which were all designed to constitute what is sometimes referred to as the “ Drug Control — Emergency Program ’ ’. The provisions of the law which are challenged on *655 this motion are contained in chapters 276 and 278 of the Laws of 1973, and as of this time, this court is unaware of any decision relating, to their constitutionality.
However, the constitutionality of another section of this program has been challenged in the' courts and our Court of Appeals has ruled that it is constitutional (Matter of Taylor v. Sise, 33 N Y 2d 357). While such ruling is not conclusive as to the particular section now under attack, it does merit discussion by reason of the determination of the Court of Appeals. In this connection, it should be noted that when the Legislature enacted chapter 603 of the Laws of 1973, the Legislature used the following language in section 1 of the said chapter, relating to the sections herein under constitutional attack: “ The objective of such program shall be the effective implementation of chapters two hundred seventy-six, two hundred seventy-seven and two hundred seventy-eight of the laws of nineteen hundred seventy-three, of a chapter of the laws of nineteen hundred and seventy-three”. It is obvious that the Legislature intended all of these sections to be interrelated and to work for the desired goal which is the elimination of drug crimes, and drug related crimes, in our society.
Chapter 603 of the Laws of 1973 provides, in pertinent part, that the Governor shall have the authority to appoint up to 68 additional Judges of the Court of Claims with nine-year terms. It was conceded that the purpose of the legislation was to provide additional Judges to preside over what was expected to be a substantial increase in drug felony prosecutions as the result of the new drug law. On February 12,1974 the Court of Appeals, by a vote of six to one, determined that that portion of the law was constitutional (Matter of Taylor v. Sise, supra). The petitioner in that action argued that, under the Constitution, in New York City the Supreme Court had exclusive jurisdiction over crimes prosecuted by indictment' and that, therefore, they were entitled to be tried in a court presided over by a duly elected Supreme Court Justice. The court pointed out that the same Constitution provided for the temporary assignment of Judges of the Court of Claims to the Supreme Court and that there was nothing in the Constitution which precluded any Judge, so assigned, from sitting on a felony trial.
With reference to the entire program the court also stated (p. 364): ‘1 The Legislature agreed with the judicially-expressed concern that the stricter sentences and limitations on the acceptance of lesser pleas to higher crimes charged in the new drug *656 law created an emergency need for additional Judges. There is generally a very strong presumption that ‘ the Legislature has investigated and found the existence of a situation showing or indicating the need for or desirability of the legislation ’ (Matter of Van Berkel v. Power, 16 N Y 2d 37, 40). More specifically, the situation under consideration affirmatively demonstrates that the Legislature responded to a then generally acknowledged need for more Judges to handle the consequences of the new drug law. Assuming that there were other effective methods by which to accomplish the same end, this court should not substitute its judgment for that of the Legislature in determining the particular method to meet a given need (Nettleton Co. v. Diamond, 27 N Y 2d 182, 194; see, also, Wasmuth v. Allen, 14 N Y 2d 391, 398).”
To return to the merits of the actual controversy at bar, this court must conclude that the particular sections here under attack are constitutional. The background of this legislation would indicate that it was the product of careful research and deliberation by the Legislature. It was signed into law by the Governor who was fully cognizant of the severity of the problem the legislation was designed to correct, and the enactment of which he had strongly recommended.
It is also a well-settled principle of law that a statute in the first instance is presumed to be constitutional and our courts are normally reluctant to strike down a statute, absent a clear showing of invalidity.
With regard to this court, as one of original jurisdiction, being asked to rule on the constitutionality, we would quote the Hon. Samuel M. Gold, a Justice of the Supreme Court in New York County in his decision in the case of Blye v. Globe-Wernicke Realty (68 Misc 2d 948). Judge Gold said (p. 950): “While there is no rule of law limiting the power to determine constitutional questions to courts of particular rank in the judicial hierarchy, it has been authoritatively stated that a court of first instance should as a general rule and if possible hesitate to determine unconstitutionality, save where the consequences may be severe and the damage irreparable or where invalidity of the statute is apparent on its face (Johnson v. City of New York, 274 N. Y. 411, 430; People v. Wright, 12 Misc 2d 961; 8 N. Y. Jur., Constitutional Law, § 44; McKinney’s Cons. Laws of N. Y., Book 1, Statutes, § 150). This policy to leave questions of constitutionality to appellate tribunals 1 is especially desirable where the law is of great importance and far-reaching effect, or if the law has been effective for an appreciable period of time *657 (16 C. J. S., Constitutional Law, § 93, subd. b).’ (Garcia v. Pan Amer. Airways, 183 Misc. 258, 260, affd. 269 App. Div. 287, affd. 295 N. Y. 852, cert. den. 329 U. S. 741).”
No one can gainsay that this particular statute is of great importance and far reaching effect, and this defendant’s right to pursue the question of constitutionality can in no way be prejudiced by this decision.
The defendant’s motion to dismiss is denied.