Oscar Murov, J.
The defendant is accused by indictment with- various crimes associated with a controlled substance including the crime of criminal sale of a controlled substance in the third degree. He now moves for dismissal of this, the fifth count of the indictment, on the ground that section 70.00 of the- Penal Law which provides the penalty for such crime, is unconstitutional, and alternatively, for dismissal of this count in the interest of justice.
Defendant’s application is based upon the affidavit of one Serafina Corsello, a psychiatrist, who has examined the defendant and determined that the defendant is emotionally disturbed and in need of therapeutic intervention. The psychiatrist feels that unless the defendant receives appropriate treatment, suicide would be a distinct possibility. It is the doctor’s opinion that the intense psychiatric treatment and drug rehabilitation the defendant needs would not be available in a penal institution. The instant section, therefore, as defendant contends, is unconstitutional as to him in that it provides for a mandatory minimum period of incarceration of one year and constitutes cruel and unusual punishment.
The People cite People v. Hoffman (76 Misc 2d 564) in opposition to this motion. In Hoffman, the defendant leveled his attack upon the constitutionality of article 220 of the Penal Law on the ground that cocaine, the substance the sale and possession of which the defendant was indicted for, was improperly classified by the Legislature. It was the defendant’s contention that the improper classification violated the defendant’s right to equal protection.
The court rejected this argument finding a rational and reasonable basis for the classification of cocaine and for the regulation of the sale and possession and use of the substance. Much was said concerning the presumption of constitutionality of legislative enactments, the court concluding its decision with the following quotation of the opinion of the court in matter of Collum v. O’Mara (43 A D 2d 140): “ We begin by noting that a strong presumption of constitutionality attaches to all legislation (Wasmuth v. Allen, 14 N Y 2d 391, 397; Defiance Milk Prods. Co. v. Du Mond, 309 N. Y. 537, 540) and that there is a further presumption that the Legislature has investigated and found the facts necessary to support the legislation (I.L.F.Y. Co. v. Temporary State Housing Rent Comm., 10 N Y 2d 263, *794 269; Lincoln Bldg. Assoc. v. Barr, 1 N Y 2d 413). Those who attack the constitutionality of legislative enactments must demonstrate their invalidity beyond a reasonable doubt (People v. Pagnotta, 25 N Y 2d 333, 337). The enactments will be struck down only as a last and unavoidable resort (Nettleton Co. v. Diamond, 27 N Y 2d 182, 193; Matter of Van Berkel v. Power, 16 N Y 2d 37, 40) * * * since only a clear violation of the Constitution will justify the court’s overruling of the legislative will (Farrington v. Pinckney, 1 N Y 2d 74, 78; Matter of Ricker v. Village of Hempstead, 290 N. Y. 1, 5.” (People v. Hoffman, supra, p. 570.)
Research by this writer discloses substantial doubt as to the constitutional invalidity of the instant enactment. The section under attack provides for a mandatory minimum sentence of one-year imprisonment. Federal courts across the breadth of the Nation have upheld mandatory minimum terms of greater duration. (Gallego v. United States, 276 F. 2d 914 [minimum mandatory sentence of five years for first offense conviction of unlawful importation of marijuana]; Hutcherson v. United States, 345 F. 2d 964, cert. den. 382 U. S. 894 [minimum mandatory sentence of 10 years for narcotics violations involving possession of heroin]; United States v. Chow, 398 F. 2d 596 [minimum mandatory sentence of five years on conviction of substantive and conspiracy counts relating to trans actions in opium]; Daut v. United States, 405 F. 2d 312 [minimum mandatory sentence of five years for unlawful importation of marijuana], cert. den. 402 U. S. 945; United States v. Drotar, 416 F. 2d 914 [minimum mandatory sentence of five years upon second conviction for possession of marijuana], vacated on other grounds 402 U. S. 939; United States v. Del Toro, 426 F. 2d 181, cert. den. 400 U. S. 829 [minimum mandatory sentence of five years for first offender convicted of selling heroin]; United States v. Lozaw, 427 F. 2d 911 [mini mum mandatory sentence of five years for knowingly concealing marijuana and conspiring to do so]; United States v. Davila, 428 F. 2d 465 [minimum mandatory sentence of five years for unlawful importation of marijuana]; United States v. Avey, 428 F. 2d 1159 [minimum mandatory sentence of five years for knowingly concealing marijuana with knowledge it had been unlawfully imported], cert. den. 400 U. S. 903; United States v. Sherman, 430 F. 2d 1402 [minimum mandatory sentence of five years for illegal concealment and transportation of marijuana], cert. den. 401 U. S. 908, rehearing den. 401 U. S. 1015.)
*795 In the examination of a statute under attack, the courts attempt to determine if punishment is cruel, degrading and so wholly disproportionate to the offense committed as to shock the moral sense of the community (People v. Gonzales, 25 Ill. 2d 235, cert. den. 372 U. S. 923; People v. Jackson, 116 Ill. App. 2d 304; State v. Chaffin, 30 Ohio St. 2d 13). In Chaffin, the court stated that it is generally accepted that punishments which are prohibited by the Eighth Amendment are limited to torture and other barbarous punishments, degrading punishments unknown at common law, and punishments which are so disproportionate to the offense as to shock the moral sense of the community. In Gonzales the court observed what is today universally apparent, that the seriousness of the traffic in narcotics was apparent from the number of narcotics cases and that while there might be more effective techniques for the control and elimination of the narcotics traffic than a solution that takes the form of penalties of increasing severity, nevertheless, and having in mind the deadly toll exacted by the narcotics traffic, it could not be said that the penalty fixed (minimum punishment of 10 years imprisonment for a first offender convicted of sale of marijuana) (p. 241) “was disproportionate to the nature of the offense ’ ’.
In one case where the statute prescribing punishment was found to be invalid, the statute provided for a minimum mandatory penalty of 20 years imprisonment for the offense of selling narcotics. (People v. Lorentzen, 387 Mich. 167.) The court there observed that the offending statute was equally applicable to a first-year high school student and to a racketeer, no provision was made for differing penalties when different quantities of the drug were involved. Another test applied by the ecv-i was an investigation into the rehabilitation of the defendant. The court observed that experts on penology and criminal corrections were in accord that except for extremely serious offenses or unusually disturbed persons, the goal of rehabilitating offenders with maximum effectiveness can best be reached by short sentences of less than five years’ imprisonment.
The California Supreme Court on March 13, 1974 upheld by implication a mandatory minimum term of 10 years when it ruled that a no-parole provision of its drug law constituted cruel and unusual punishment and that said provision would be severed from the remaining portions of the statute ‘ ‘ without disturbing the ten-year to life penalty prescribed by the section ”. (Matter of Foss, 10 Cal. 3d 910.)
*796 By reference to the standards of the various courts set forth hereinabove, this court concludes that the sentence provided by the Penal Law of the State of New York and potentially invokable against this defendant, is a valid and reasonable legislative enactment and in no way constitutes cruel and unusual punishment. The motion to dismiss the indictment on the ground in CPL 210.25 (subd. 3) is, therefore, denied.
As to the alternative request that the indictment be dismissed in the interests of justice (CPL 210.20, subd. 1, par. [i]; 210.35) the court determines that the motion may neither be granted without a hearing pursuant to CPL 210.45 (subd. 4) nor denied pursuant to CPL 210.45 (subd. 5). The People have not conceded to defendant’s sworn allegations of fact in support of the motion nor have they refuted such facts by unquestionable documentary evidence. Under these circumstances, there is no alternative available to the court other than to order that a hearing be held pursuant to CPL 210.45 (subd. 6) for the purpose of determining whether or not the interests of justice will be served by a dismissal of the indictment herein. (People v. Clayton, 41 A D 2d 204.)
In view of the foregoing, it is the decision of this court that defendant’s motion to dismiss the indictment is granted to the extent that a Clayton hearing shall be held to determine whether or not the interests of justice will be served by such dismissal, such hearing to be held in Part I of the County Court on the 7th day of August, 1974, and the motion is denied in all other respects.