Jack Rosenberg, J.
The defendant herein pleaded guilty, on July 9, 1974, to the crime of robbery in the second degree, a class C felony, in violation of section 160.10 of the Penal Law. The defendant, who is currently awaiting sentence, now makes a two-pronged attack on the constitutionality of subdivision 3 of section 60.05 of the Penal Law which mandates incarceration for certain enumerated class C felonies, among them second-degree robbery. He contends that subdivision 3 of section 60.05, which precludes the exercise of judicial discretion in specified cases, is unconstitutional because it contravenes: (1) the equal protection clause of the Fourteenth Amendment of the United States Constitution; and (2) the Eighth Amendment’s prohibition against cruel and unusual punishment.
The defendant asserts that subdivision 3 of section 60.05 of the Penal Law, by providing, in effect, that certain C felonies be treated with greater severity than other types of C felonies, *25 constitutes an infringement of Ms Fourteenth Amendment right to the equal protection of the law. Thus, according to the defendant, all those convicted of a class C felony make up a class entitled to he sentenced within the same range of punishment.
First, it must be noted a strong presumption of validity attaches to legislative enactments, and a party who is attacking the constitutionality of a statute bears the heavy burden of establishing unconstitutionality beyond a reasonable doubt. (Nettleton Co. v. Diamond, 27 N Y 2d 182; Fenster v. Leary, 20 N Y 2d 309; People v. Pagnotta, 25 N Y 2d 333; Wasmuth v. Allen, 14 N Y 2d 391; and Matter of Van Berkel v. Power, 16 N Y 2d 37.)
Further, there is also a presumption that the Legislature has investigated for and found facts necessary to support the legislation at issue. (I. L. F. Y. Co. v. Temporary State Housing Rent Comm., 10 N Y 2d 263; and Lincoln Bldg. Assoc, v. Barr, 1 N Y 2d 413.)
When there has been an allegation of discriminatory treatment, as is the situation here, the person making that claim must meet a heavy burden of demonstrating conscious, intentional discrimination. (People v. Goodman, 31 N Y 2d 262; Matter of Di Maggio v. Brown, 19 N Y 2d 283; and People v. Utica Daw’s Drug Co., 16 A D 2d 12.) If there is some reasonable and possible ¡basis for a legislative classification, it cannot be held to be special and unconstitutional, but must be given effect by the courts. (Farrington v. Pinckney, 1 N Y 2d 74.)
The United States Supreme Court, when confronted with this issue, has stated that a “ statutory discrimination will not be set aside if any state of facts reasonably may be conceived to justify it.” (McGowan v. Maryland, 366 U. S. 420, 426; and Dandridge v. Williams, 397 U. S. 471, 485.) According to the court in McGowan v. Maryland (supra), the Fourteenth Amendment allows the States a wide scope of discretion in enacting laws which affect some groups of citizens differently from others, and the constitutional safeguard is offended only if the classification is based on grounds wholly irrelevant to the achievement of the State’s objective.
In Goesart v. Cleary (335 U. S. 464), the court declared that while the Constitution precludes irrational discrimination between persons or groups of persons in the incidence of a law, it does not require situations which are different in fact or opinion to be treated in law as though they were the same. The court, in Snowden v. Hughes (321 U. S. 1), stated that a discriminatory purpose is not to be presumed; there must be a *26 showing of clear and intentional discrimination. In Morey v. Doud (354 U. S. 457), the court asserted that the prohibition of the equal protection clause goes no further than invidious discrimination and that this clause does not remove from the State the power to classify, but permits the exercise of a wide scope of discretion except when what is done is without any reasonable basis and is purely arbitrary. Further, the court held, a classification does not offend against the equal protection clause merely because it is not made with mathematical nicety or because in practice it results in some inequality if any state of facts can reasonably be conceived to sustain it.
As the court announced in Williamson v. Lee Optical Co. (348 U. S. 483, 489), the ‘ ‘ problem of legislative classification is a perennial one, admitting of no doctrinaire definition. Evils in the same field may be of different dimensions and proportions, requiring different remedies. Or so the legislature may think # # # Or the reform may take one step at a time, addressing itself to the phase of the problem which seems most acute to the legislative mind * * * The legislature may select one phase of one field and apply a remedy there, neglecting the others * * * The prohibition of the Equal Protection Clause goes no further than the invidious discrimination.”
Thus, a legislative classification must be sustained unless it is patently arbitrary and bears no rational relationship to a legitimate governmental interest. The only exception to this rule is when the classification involved is based upon race, sex, alienage, national origin, or status of birth, in which case it is inherently suspect and subject to careful judicial scrutiny. (Frontiero v. Richardson, 411 U. S. 677; Weber v. Aetna Cas. & Sur. Co., 406 U. S. 164; Reed v. Reed, 404 U. S. 71; Loving v. Virginia, 388 U. S. 1; Graham v. Richardson, 403 U. S. 365; and Yick Wo v. Hopkins, 118 U. S. 356.)
The category of class C felonies is clearly not such an inherently suspect classification. Consequently, the legislative action in enacting subdivision 3 of section 60.05 of the Penal Law must be upheld unless the defendant has met his heavy burden of demonstrating beyond a reasonable doubt that the discrimination was patently arbitrary, unreasonable, and wholly unrelated to any legitimate governmental interest. This he has failed to do. “ The comparative gravity of criminal offenses and whether their consequences are more or less injurious are matters for its [the State’s] determination.” (Pennsylvania v. Ashe, 302 U. S. 51, 55.) Moreover, the fact that a particular criminal action constitutes a class C felony, or any other class *27 of felony or misdemeanor, is purely a legislative determination, and there is nothing sacrosanct about these classifications, which were established solely for sentencing purposes.
The defendant also argues that subdivision 3 of section 60.05 of the Penal Law violates the Eighth Amendment’s prohibition against cruel and unusual punishment, since it singles out for special punitive treatment the offense committed by the defendant, among those other class C felonies specified therein and, further, that, despite his being a first offender, he is excluded from the sentencing procedure authorized by section 65.00 of the Penal Law, which deals with probation.
The constitutionality of various portions of the recent 1973 and 1974 amendments to the Penal Law has been considered by New York courts on a number of occasions. (People v. Mazzie, 78 Misc 2d 1014; People v. Mosley, 78 Misc 2d 736; People v. Weiss, 78 Misc 2d 792; People v. Starks, 78 Misc 2d 87; People v. Gardner, 78 Misc 2d 744; People v. Ellison, 78 Misc 2d 652; People v. Spencer, 79 Misc 2d 72; and People v. Broadie, 45 A D 2d 649.) Although none of the sections dealt with in these cases related to the class O felonies provision of section 60.05 of the Penal Law, the issue of cruel ;and unusual punishment was repeatedly raised. Only in People v. Mosley (78 Misc 2d 736, supra), did the court hold in favor of the defendant, finding section 70.00 (subd. 2, par. [a]) of the Penal Law to constitute cruel and unusual punishment. With the exception of People v. Mazzie (78 Misc 2d 1014, supra), which specifically involved section 70.06 (subd. 1, par. [b], cl. [i]) of the Penal Law, as applied to that particular defendant, the other cases all rejected the claim of cruel and unusual punishment.
In People v. Broadie (45 A D 2d 649, supra), the Second Department discussed at length the question of cruel and unusual punishment. According to the court (p. 652), it “ is the function of the Legislature to determine the scope of a penalty for a given crime. Although the exercise of the legislative power is subject to constitutional restrictions (see U. S. Const., 8th Arndt.; N. Y. Const., art. I, § 5), there is no requirement in the Federal or State Constitutions that courts be given discretion in imposing a sentence.” In this case, the court, in considering whether the new drug provisions were cruel and unusual, held that (p. 653): “ the Legislature could in its discretion, and upon making the findings which it did, determine that the prescribed punishment is not unusually severe, considering the fact that the ravages of narcotic addiction are visible on all levels of society and have created a ‘ reign of terror ’ ”. *28 This reasoning is no less applicable .to other changes in the sentencing provisions which the Legislature enacted along with the new drug sections. As the court stated in People v. Broadie (supra, p. 654) while “ the statutory penalties are indeed harsh and in many cases unjust, any amelioration of their mandatory nature is a function for the Legislature, not the courts.”
Further, the fact that the .court here may not impose a sentence of probation upon a defendant convicted of certain class C felonies is not cruel and unusual punishment. There is no constitutional right to probation; it is an alternative sentence authorized by statute when and if the Legislature deems it warranted. In view of the strong presumption of validity which attaches to legislative enactments, the defendant has failed to meet the heavy burden of establishing unconstitutionality beyond a reasonable doubt.
Consequently, the defendant’s motion is denied in full.