NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

08-989

STATE OF LOUISIANA

VERSUS

RICHARD W. BLACK

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
TENTH JUDICIAL DISTRICT COURT
PARISH OF NATCHITOCHES, NO. C012506
HONORABLE ERIC ROGER HARRINGTON, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**ELIZABETH A. PICKETT**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of John D. Saunders, Oswald A. Decuir, and Elizabeth A. Pickett, Judges.

**AFFIRMED AND REMANDED WITH INSTRUCTIONS.**

**Hon. Van Hardin Kyzar**
**District Attorney, 10th JDC**
**P. O. Box 838**
**Natchitoches, LA 71458-0838**
**(318) 357-2214**
**Counsel for Plaintiff Appellee:**
**State of Louisiana**

**G. Paul Marx**
**Attorney at Law**

**P. O. Box 82389**
**Lafayette, LA 70598-2389**
**(337) 237-2537**
**Counsel for Defendant Appellant:**
**Richard W. Black**

**PICKETT, Judge.**

**FACTS**

On January 30, 2007, Agents David McAlpin and David Perry of the Department of Wildlife and Fisheries were patrolling Black Lake in Natchitoches Parish by boat when they came across the defendant, Richard W. Black, traveling along in his boat. Agent Perry activated the blue lights, and Agent McAlpin yelled at the defendant to stop. The defendant refused to stop.

The agents followed the defendant to his home where the defendant docked his boat, got out with his gun and began walking away. The agents pulled up, and Agent McAlpin got out of the boat and told the defendant to stop. The defendant turned around and aimed his shotgun at Agent McAlpin with his finger on the trigger. Agent McAlpin then raised his shotgun and aimed it at the defendant.

Next, Agent Perry raised his rifle, aimed it at the defendant, and instructed him to drop his weapon. The defendant did not comply and told the agents to get off of his property or he was going to kill them. Agent Perry tried to calm the defendant down, and then Deputy Craig LaCour of the Natchitoches Sheriff's Department arrived and commanded the defendant to drop his weapon. The defendant then lowered his weapon and started walking toward his house where he unloaded his shotgun and handed it to his wife. Deputy LaCour subsequently arrested the defendant.

The defendant was charged by bill of information, in count one, with aggravated assault upon a peace officer with a firearm, a violation of La.R.S. 14:37.2, and, in count two, with public intimidation, a violation of La.R.S. 14:122. The matter

1

proceeded to trial on count one on September 19, 2007. At the trial's conclusion on September 20, 2007, the jury found the defendant guilty as charged.

A Motion for Post-Verdict Judgment of Acquittal and for New Trial was filed by the defendant on October 2, 2007, and a Supplemental Motion for New Trial was filed on January 23, 2008. The motions were taken up on January 28, 2008, prior to sentencing, and both motions were denied. The defendant was then sentenced to serve one and one-half years at hard labor. The defendant did not file a motion to reconsider his sentence.

The defendant is now before this court on appeal, asserting that the evidence is not sufficient to support his conviction, and the trial court erred in not allowing evidence at a post-trial hearing.

## ASSIGNMENTS OF ERROR

1.  The trial court erred in that it prevented the defense from presenting exculpatory evidence from a witness who would testify that one of the State's witnesses admitted lying to get Mr. Black put in jail. The court ruled without hearing the witness, and decided that her testimony would not have affected the verdict.

2.  The verdict is contrary to the law and evidence because there was insufficient evidence of an assault with a weapon where the Defendant was retreating and officers followed him, without probable cause, and the Defendant had a right to self defense, even as to law officers. The Defendant called other law enforcement and put down his defenses as soon as they arrived.

## ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed by this court for errors patent on the face of the record. After reviewing the record, we find there are two errors patent.

Louisiana Code of Criminal Procedure Article 873 requires a sentencing delay of twenty-four hours after the denial of a motion for new trial unless the defendant

expressly waives the delay or pleads guilty. According to this court, an express waiver occurs when defense counsel responds affirmatively when the trial court asks if he is ready for sentencing. *See State v. Williams*, 01-998 (La.App. 3 Cir. 2/6/02), 815 So.2d 908, *writ denied*, 02-578 (La. 1/31/03), 836 So.2d 59 and *State v. Marcotte*, 01-1586 (La.App. 3 Cir. 5/15/02), 817 So.2d 1245, *writ denied*, 02-1687 (La. 2/7/03), 836 So.2d 96.

In this case, on October 2, 2008, the defendant filed a "Motion for Post-Verdict Judgment of Acquittal and For New Trial," and on January 23, 2008, he filed a "Supplemental Motion for New Trial." On January 28, 2008, a hearing was held. After the trial court denied the motions, the following pertinent exchange occurred:

> THE COURT: And we will...we will proceed to the sentencing hearing. Does the State have anything?
>
> MR. WRIGHT: No, sir.
>
> THE COURT: Mr. Walker?
>
> MR. WALKER: Only...I want to make sure that I have on the record my objection that the Court's not allowing Ms. Brimzey to testify now that she is here.
>
> THE COURT: You do have that on the record.
>
> MR. WALKER: Thank you, Your Honor.
>
> THE COURT: Do you want to call any witnesses for the sentencing hearing?
>
> MR. WALKER: No, sir.
> . . . .
>
> MR. WALKER: The defendant may wish to make a statement with the Court's permission.

As the above exchange reflects, the trial court denied the motions, and proceeded immediately with sentencing without an express waiver. The trial court

3

did not question the parties as to whether they were ready to proceed with the sentencing, and the trial court did not ask the defendant if he wanted to waive the twenty-four-hour delay provided for in La.Code Crim.P. art. 873.

In *State v. Dronet*, 97-991 (La.App. 3 Cir. 11/4/98), 721 So.2d 1038, this court strictly applied La.Code Crim.P. art. 873, finding that an announcement, "We're ready," for sentencing did not constitute a waiver. The *Dronet* court, relying on *State v. Dauzat,* 590 So.2d 768 (La.App. 3 Cir.1991), *writ denied,* 598 So.2d 355 (La.1992), which was based on *State v. Augustine,* 555 So.2d 1331 (La.1990), found that the failure to abide by the delay requires a sentence to be vacated simply because the defendant challenged his sentence on appeal. *See State v. Jason*, 01-1428 (La.App. 3 Cir. 7/10/02), 820 So.2d 1286.

However, in the majority of cases, this court has found an "implied waiver" analysis to be appropriate. Thus, we have such an analysis in the present case. *See State v. Schmidt*, 99-1412 (La.App. 3 Cir. 7/26/00), 771 So.2d 131, *writ denied*, 00-2950 (La. 9/28/01), 798 So.2d 105, *cert. denied*, 535 U.S. 905, 122 S.Ct. 1205 (2002).

In *State v. Giles*, 04-359 (La.App. 3 Cir. 10/6/04), 884 So.2d 1233, *writ denied*, 04-2756 (La. 3/11/05), 896 So.2d 62, this court found an implied waiver of the La.Code Crim.P. art. 873 delay, explaining in pertinent part:

> Defense counsel voiced no objection when sentencing was taken up immediately after the denial of the motion for post verdict judgment of acquittal and the motion for new trial. After arguments were presented by the State, defense counsel argued in support of a lenient sentence, filing letters submitted on Defendant's behalf and citing to the contents of one letter in particular. Defense counsel also referred to the sentencing range and the period of time already spent in jail by the Defendant. Although the entire sentence could be imposed without benefit of parole, probation or suspension of sentence, defense counsel argued that only the minimum (two years) should be imposed without these benefits.

4

When giving its reasons for the sentence imposed, the trial court noted that it had sat through the trial in the matter, had read the pre-sentence investigation report and had read the letters and correspondence submitted. After citing both aggravating and mitigating factors, the trial court sentenced Defendant to a lower range sentence of seventeen years at hard labor, with the first two years to be served without benefits.

In *State v. Taves*, 02-709 (La.App. 3 Cir. 1/15/03), 846 So.2d 1, *affirmed in part, reversed in part on other grounds*, 03-0518 (La.12/3/03), 861 So.2d 144, this court found a waiver of the twenty-four-hour delay, noting that defense counsel failed to voice an objection even though he was clearly aware that the sentencing was scheduled to be taken up the same day the motion for new trial would be heard. Additionally, we noted that after the trial court denied the motion for new trial and told the defendant to come up for sentencing, defense counsel declared his intent to present evidence at the hearing. In addition to presenting evidence, defense counsel argued for a suspended sentence and stated he had reviewed the PSI and discussed it with the defendant. Finally, this court noted that defense counsel did not raise as error the trial court's failure to delay sentencing and did not allege prejudice. Although this court found an implied waiver of the article 873 delay, we found the sentences imposed were excessive and remanded for resentencing. In response to the State's application for review, the supreme court reversed this court's finding of excessiveness and reinstated the sentences without any mention of the trial court's failure to abide by the delay required by La.Code Crim.P. art. 873. (*See also State v. Schmidt*, 99-1412 (La.App. 3 Cir. 7/26/00), 771 So.2d 131, *writ denied*, 00-2950 (La.9/28/01), 798 So.2d 105, *cert. denied*, 535 U.S. 905, 122 S.Ct. 1205, 152 L.Ed.2d 143 (2002), for a thorough discussion of the jurisprudence regarding express and implied waivers of the twenty-four-hour delay period required by La.Code Crim.P. art. 873.)

The present case is similar to *Taves* in that the record contains no colloquy between the trial court and the Defense regarding its readiness for sentencing. However, as in *Taves*, defense counsel presented arguments to the trial court in support of a lenient sentence and the trial court supported the sentence imposed with ample reasons. Unlike the defense counsel in *Taves*, the defense counsel in the present case did not present evidence at the sentencing hearing. Additionally, the record in the present case is not as clear as the record in *Taves* as to defense counsel's knowledge that sentence would be imposed immediately after the disposition of his motion for new trial and motion for post-verdict judgment of acquittal. However, Defendant here makes no claim of prejudice because of the failure to abide by the delay. Considering these facts, we find *Taves* analogous and find an implied waiver occurred in the present case.

*Id*. at 1251-52.

Recently, in *State v. Brannon*, 07-431 (La.App. 3 Cir. 12/5/07), 971 So.2d 511, *writ denied*, 07-2465 (La. 5/9/08), 980 So.2d 689, this court found an implied waiver of the La.Code Crim.P. art. 873 delay where the defendant did not request a continuance of the sentencing and did not object to proceeding with sentencing. The defense presented no evidence at the hearing, but interrupted the trial court in setting forth its reasons for sentencing to request it not read a portion of the reasons based upon evidence not proven at trial. On appeal, the defendant did not assign as error the trial court's failure to abide by the La.Code Crim.P. art. 873 delay, and he did not allege prejudice.

In the present case, after the verdict was rendered, the trial court ordered a presentence investigation (P.S.I.) and set the sentencing hearing for January 26, 2007. The minute entry of December 19, 2007, provides that the defense requested a continuance of sentencing which was granted. Additionally, this minute entry states "The Court advised Mr. Walker the Court would request that he waive any statutory delays in sentencing. Mr. Walker stated he would." Following denial of his motions, defense counsel did not request a continuance of the sentencing, and he did not object to proceeding with the sentencing. At the sentencing hearing, the defendant testified. No other witnesses were presented by either of the parties.

There is nothing in the record to indicate that defense counsel was unaware that sentencing was to be taken up on January 28, 2008. Additionally, a review of the transcript indicates counsel reviewed the P.S.I. report. The trial court supported the sentence with ample reasons. Finally, in his brief to this court, defense counsel does not assign the trial court's failure to delay sentencing as error, he does not challenge

6

the sentence on appeal, and he does not allege any prejudice as a result of the error. Consequently, find the facts in this case support an implied waiver of the delay required by La.Code Crim.P. art. 873.

Next, there is no disposition for the offense of public intimidation for which the defendant was charged. Louisiana Code of Criminal Procedure Article 819 provides: "If there is more than one count in an indictment, the jury must find a verdict as to each count, unless it cannot agree on a verdict as to a count." The defendant was charged by bill of information with one count of aggravated assault and one count of public intimidation. However, the defendant proceeded to trial and was convicted on the aggravated assault charge only.

In response to an inquiry by this court, the Natchitoches Parish Clerk of Court's Office submitted an affidavit stating no disposition of the remaining charge was found. Thus, we are remanding this case for a proper disposition of the charge of public intimidation. *State v. Hypolite,* 04-1658 (La.App. 3 Cir. 6/1/05), 903 So.2d 1275, *writ denied*, 06-618 (La. 9/22/06), 937 So.2d 381.

## ASSIGNMENT OF ERROR NO. 2

By this assignment of error, the defendant argues that there was insufficient evidence to support his conviction. Thus, this assignment is addressed first. The defendant does not contest an essential element of the offense, but maintains that he was justified in committing the offense. Further, the defendant contends that the state had the burden of proving that the assault was not justified and failed in meeting its burden of proof.

The defense of justification is addressed in La.R.S. 14:18, which reads as follows:

7

The fact that an offender's conduct is justifiable, although otherwise criminal, shall constitute a defense to prosecution for any crime based on that conduct. This defense of justification can be claimed under the following circumstances:

(1) When the offender's conduct is an apparently authorized and reasonable fulfillment of any duties of public office; or

(2) When the offender's conduct is a reasonable accomplishment of an arrest which is lawful under the Code of Criminal Procedure; or

(3) When for any reason the offender's conduct is authorized by law; or

(4) When the offender's conduct is reasonable discipline of minors by their parents, tutors or teachers; or

(5) When the crime consists of a failure to perform an affirmative duty and the failure to perform is caused by physical impossibility; or

(6) When any crime, except murder, is committed through the compulsion of threats by another of death or great bodily harm, and the offender reasonably believes the person making the threats is present and would immediately carry out the threats if the crime were not committed; or

(7) When the offender's conduct is in defense of persons or of property under any of the circumstances described in Articles 19 through 22.

The supreme court, in *State v. Cheatwood*, 458 So.2d 907, 910 (La.1984), stated, "Since 'justification' defenses are not based on the nonexistence of any essential element of the offense, but rather on the circumstances which make the accused's conduct excusable on policy grounds, such defenses should be treated as affirmative defenses which the accused must establish by a preponderance of evidence." *See also State v. Sedlock*, 04-564 (La.App. 3 Cir. 9/29/04), 882 So.2d 1278, *writ denied*, 04-2710 (La. 2/25/05), 894 So.2d 1131.

To prove that the use of force or violence was justifiable for the purpose of self-defense, the force or violence used must be reasonable and apparently necessary

8

to prevent the offense. La.R.S. 14:19. The defendant asserts in his brief that he was retreating and that officers followed him, without probable cause, and that he had the right to self-defense. Further, the defendant maintains that he called other law enforcement and put down his defenses as soon as they arrived. According to the defendant, he presented evidence that he was afraid of Agent McAlpin and that he had been confronted by Agent McAlpin numerous times.

The record reflects that the defendant testified that Agent McAlpin had harassed him on numerous occasions spanning over the last twenty years. He also stated that Agent McAlpin had threatened him not long before the instant offense and had pointed a gun at him.

The record, however, does not contain a preponderance of evidence to support justification for the offense or self-defense. First, the defendant did not prove that he used any force to defend himself. In fact, the defendant consistently maintained that he never raised and pointed the gun at the officers, and thus, he did not commit the offense for which he was charged. As such, we find that the defendant cannot now claim that he committed the offense, but that it was an act of self-defense. Additionally, the trial court did not instruct the jury with regard to justification or self-defense, nor did the defendant request such instruction. Accordingly, this assignment of error has no merit.

## ASSIGNMENT OF ERROR NO. 1

By this assignment of error, the defendant argues that the trial court erred in preventing the defense from presenting exculpatory evidence from a witness who would testify that one of the state's trial witnesses admitted to lying to get the defendant put in jail. The defendant also complains that the trial court ruled without

9

hearing the witness and decided that her testimony would not have affected the verdict.

Grounds for a new trial are listed in La.Code Crim.P. art. 851, which reads in pertinent part:

> The court, on motion of the defendant, shall grant a new trial whenever:
>
> . . . .
>
> (3) New and material evidence that, notwithstanding the exercise of reasonable diligence by the defendant, was not discovered before or during the trial, is available, and if the evidence had been introduced at the trial it would probably have changed the verdict or judgment of guilty; . . . .

In *State v. Cavalier*, 96-3052, p. 3 (La. 10/31/97), 701 So.2d 949, 951, the supreme court stated:

> A defendant seeking a new trial based on newly discovered evidence must establish four elements: (1) that the new evidence was discovered after trial; (2) that failure to discover the evidence before trial was not attributable to his lack of diligence; (3) that the evidence is material to the issues at trial; and (4) that the evidence is of such a nature that it would probably produce a different verdict in the event of retrial. *State v. Hammons*, 597 So.2d 990, 994 (La.1992); *State v. Knapper*, 555 So.2d 1335, 1339 (La.1990); *State v. Prudholm*, 446 So.2d 729, 735 (La.1984). In ruling on the motion, "[t]he trial judge's duty is not to weigh the evidence as though he were a jury determining guilt or innocence, rather his duty is the narrow one of ascertaining whether there is new material fit for a new jury's judgment." *Prudholm*, 446 So.2d at 736.
>
> Newly discovered evidence affecting only a witness's credibility "ordinarily will not support a motion for a new trial, because new evidence which is 'merely cumulative or impeaching' is not, according to the often-repeated statement of the courts, an adequate basis for the grant of a new trial." *Mesarosh v. United States*, 352 U.S. 1, 9, 77 S.Ct. 1, 5, 1 L.Ed.2d 1, 5 (1956). Nevertheless, the court possesses the discretion to grant a new trial when the witness's testimony is essentially uncorroborated and dispositive of the question of guilt or innocence and it "appears that had the impeaching evidence been introduced, it is likely that the jury would have reached a different result." *United States v.*

10

*Davila*, 428 F.2d 465, 466 (9th Cir.1970); *accord United States v. Davis*, 960 F.2d 820, 825 (9th Cir.), *cert. denied*, 506 U.S. 873, 113 S.Ct. 210, 121 L.Ed.2d 150 (1992); *United States v. Taglia*, 922 F.2d 413, 415-16 (7th Cir.1991); *United States v. Harpster*, 759 F.Supp. 735, 738 (D.Kan.), *aff'd* 951 F.2d 1261 (10th Cir.1991); *United States v. Lipowski*, 423 F.Supp. 864, 867 (D.N.J.1976); *see also State v. Bryan*, 398 So.2d 1019, 1021-22 (La.1980) (on rehearing). In making this determination, the court may assume that the jury "would have known that [the witness] had lied about the matter[.]" *United States v. Stofsky*, 527 F.2d 237, 246 (2nd Cir.1975), *cert. denied*, 429 U.S. 819, 97 S.Ct. 65, 50 L.Ed.2d 80 (1976).

In the instant case, the record reflects that the defendant filed a Motion for Post-Verdict Judgment of Acquittal and for New Trial and a Supplemental Motion for New Trial. In his supplemental motion, the defendant attached the affidavit of Ruth Ann Brimzy and asked that she be examined at the hearing on the defendant's post-trial motion. The defendant maintained that unless the trial court determined that her testimony was false, a new trial should be granted.

At the hearing, the defendant argued that the supplemental motion was based entirely on an affidavit of Ruth Ann Brimzy and that he had no idea that the witness existed. The defendant then offered into evidence a letter sent to defense counsel, purportedly from Ms. Brimzy, which forms the background for Ms. Brimzy's affidavit.

The affidavit indicates that Ms. Brimzy was with Agent McAlpin on September 21, 2007, in an intimate setting, when he began to laugh. Ms. Brimzy asked him what was so funny, and Agent McAlpin reported that he and another game warden lied about the defendant pointing a gun at them. Also, he stated that he had convinced another law enforcement officer to say the same thing. Later, when Ms. Brimzy read in the paper that the defendant was convicted of the charges, she was shocked although she did not know the defendant. The next time she was with Agent

11

McAlpin, October 17, 2007, she asked him what was going to happen to the defendant. According to Ms. Brimzy, Agent McAlpin stated that he had spoken to the district attorney and that they were going to put the defendant in prison for a long time. Ms. Brimzy concluded her affidavit by stating that she was willing to testify as to what Agent McAlpin said to her.

Counsel for the defendant also wanted to call his investigator to the stand who would testify that Ms. Brimzy was picked up by the Natchitoches Parish Sheriff's Office, taken to a substation in Campti and met with some Wildlife and Fisheries Agents who scared her so badly that she was not willing to testify.

The trial court expressed its concern about the alleged intimidation of Ms. Brimzy, but stated that the trial court was not law enforcement and that the district attorney would need to take the appropriate action. Next, the trial court noted that the Supplemental Motion for New Trial was based on the discovery of the new evidence stated and that it was not necessary to take testimony at the hearing. The trial court then explained that the burden was on the defendant to show that the failure to discover the new evidence was not attributable to his lack of diligence, that the evidence was material to the issues at trial, and that the evidence would produce a different verdict in the event of a re-trial. Additionally, the trial court stated that its duty was not to weigh the evidence, but to ascertain whether the new evidence was fit for a new jury's judgment.

The trial court considered the allegations made by Ms. Brimzy and, after reviewing the extremely contradictory evidence that the defendant used at trial which did not persuade the jury, determined that the new evidence was not fit for a new jury's judgment. Further, the trial court held that the evidence was not the type of

12

evidence that would produce a different verdict. The trial court added that it was the same court that had presided over the trial and recalled the jury did not deliberate a long time and returned with a unanimous verdict. The trial court also noted that at trial, allegations of racism were raised on the part of Agent McAlpin, while in the motion for a new trial, allegations were made that Agent McAlpin was having sexual relations with Ms. Brimzy, a black woman.

On appeal, the defendant asserts that there is no case law that indicates that some evidence is too sensational to be admitted. The defendant complains that the simple rejection of the evidence of an admission to perjury is unacceptable. The defendant also maintains that there are no laws or jurisprudence that finds evidence of perjury to be inadmissible. Lastly, the defendant avers that the trial court had many options for considering the nature of the testimony, such as a closed hearing, a proffer or a contradictory hearing.

First, the defendant mischaracterized the evidence as "**admission** to perjury." (Emphasis added.) The evidence, rather, challenges the truthfulness of Agents McAlpin and Perry's testimony, as well as the testimony of Deputy LaCour at trial. As noted above in *Cavalier*, newly discovered evidence affecting only a witness's credibility is usually not sufficient to warrant a new trial. The trial court, nonetheless, had the discretion to grant a new trial if it believed that the testimony of either Agent McAlpin, Agent Perry or Deputy LaCour was uncorroborated and was dispositive of the question of guilt or innocence.

In this case, the testimony of each officer was consistent with regard to the facts stated, and thus, they corroborated each other. This case did not involve the uncorroborated testimony of a witness whose testimony, alone, was dispositive of the

13

defendant's guilt.  As such, in light of *Cavalier*, we find that the trial court had no reason to grant a new trial when it did not believe that the jury would have likely reached a different result if Ms. Brimzy had testified at trial.  The trial court's description of the evidence as being "sensational" and its conclusion that it would not have affected the outcome of the trial were reasonable under the circumstances and did not amount to an abuse of discretion.

## CONCLUSION

The defendant's conviction and sentence on the charge of aggravated assault upon a peace officer with a fire arm are affirmed.  However, we remand the matter for a proper disposition of the charge of public intimidation.

**AFFIRMED AND REMANDED WITH INSTRUCTIONS.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Rule 2-16.3, Uniform Rules, Courts of Appeal.