In the Matter of the Application of JOHN J. GAINEY, Respondent, against VILLAGE OF DEPEW and Others, Appellants.— Order reversed on the law, without costs of this appeal to either party, and proceeding dismissed, without costs, upon the authority of *Matter of Scahill* v. *Drzewucki* (269 N. Y. 343) and *Palmer* v. *Board of Education* (276 id. 222). All concur. (The order directs defendants to reinstate petitioner as patrolman.) Present — Sears, P. J., Crosby, Cunningham, Taylor and Dowling, JJ.

In the Matter of the Estate of JOHN SWANSON, Deceased.— Decree, so far as appealed from affirmed, with costs payable out of the estate. Memorandum: We think that the finding of the surrogate that the money in question was the property of the widow is supported by the evidence and is not against its weight. All concur, except Sears, P. J., who dissents and votes for reversal on the ground that the finding that the money was the property of the widow is against the weight of the evidence. (The portion of the decree appealed from denied to the executor the possession of certain money in a discovery proceeding.) Present — Sears, P. J., Crosby, Cunningham, Taylor and Dowling, JJ.

BENJAMIN KOLACINSKI, as Administrator, etc., of VIOLET KOLACINSKI, Deceased, Appellant, v. MILTON BLYTHE, Respondent.— Judgment and order reversed on the law, with costs, and verdict reinstated and judgment directed thereon, with costs. Memorandum: At the close of the evidence the defendant renewed his motion for a nonsuit and moved for the direction of a verdict of no cause for action. The learned court said: " I will let the jury pass on the question," and the defendant took an exception to the ruling. The jury found a verdict for the plaintiff for $1,000. On the rendition of the verdict, and before any motion was made in respect thereto, the learned court said: " I think that I will set that verdict aside and grant defendant's motion to direct the jury to find a verdict in favor of the defendant of no cause of action," and the jury returned a verdict as directed. Plaintiff moved to set aside this verdict and took an exception to the court's failure to grant his motion. From the judgment and order entered the plaintiff appeals. Having failed to reserve decision on the motions for a nonsuit and for the direction of a verdict, the court was without power to direct a verdict for the defendant. (*Dougherty* v. *Salt*, 227 N. Y. 200, 203.) The verdict of the jury finds support in the evidence and was not against its weight. It was error, therefore, to set it aside. The court properly disposed of defendant's motion for a mistrial. All concur, Sears, P. J., and Crosby, J., on the ground that the trial justice would have been justified in setting aside the verdict on the facts and ordering a new trial, but all right to a new trial was, however, waived by the counsel for the defendant in open court upon the argument. (The judgment is for defendant, by direction of the court, after setting aside a verdict in favor of plaintiff, in an automobile negligence action. The order set aside the jury's verdict.) Present — Sears, P. J., Crosby, Cunningham, Taylor and Dowling, JJ.

MARTHA CROLL, Appellant, v. STEPHEN YANES, Respondent. — Judgment and order affirmed, with costs. Memorandum: While the verdict in this case is small, we are unable to say from the evidence that it is inadequate. All concur. (The judgment is for plaintiff in an automobile negligence action. The order denies a motion for a new trial on the ground that the verdict is inadequate.) Present — Sears, P. J., Crosby, Cunningham, Taylor and Dowling, JJ.