In the Matter of FRANK C. MOORE, as Comptroller of the State of New York, on Behalf of the New York State Employees' Retirement System, Appellant, against VILLAGE OF DEPEW et al., Respondents.

Fourth Department, October 31, 1945.

*Nathaniel L. Goldstein, Attorney-General (Orrin G. Judd, Solicitor-General; Henry S. Manley, Assistant Attorney-General* of counsel), for appellant.

*Harold P. Kelly* and *George Clinton, Jr.,* for respondents.

McCurn, J. This appeal brings up for review the question of whether or not the members of the Police Department of the Village of Depew, in Erie County, New York, are members of the New York State Employees' Retirement System, and if so whether the Village of Depew is obligated to make contributions to the system under the provisions of article 5 of the Civil Service Law of the State of New York.

Chapter 147 of the Laws of 1937 amended section 76 of the Civil Service Law by including therein the following: " Membership shall be compulsory for *all policemen appointed under the regulations of the civil service commission,* employed in cities, counties, towns, villages and special police districts which do not maintain a local pension system. The Comptroller is hereby empowered to make arrangements with such city, county, town, village or special police district for the payment of the accrued liability as computed by the actuary, on such terms as the financial conditions of the city, county, town, village or special police district will permit." (Emphasis supplied.)

The State Comptroller has made demand upon the Village of Depew for payment of both the " normal contributions " and the " accrued liability " on account of its village policemen. This proceeding was brought under article 78 of the Civil Practice Act to enforce such payment. The matter was referred to an official referee who upon stipulated facts found that the village was liable for the normal contributions, but was not liable for the accrued liability.

The six policemen involved upon this appeal have held their respective positions as policemen since the years 1914, 1917, 1921, 1928, 1929 and 1936 respectively. The Village of Depew does not maintain a local pension system. It has never sought to gain membership for its policemen in the State Retirement System through the approval of its Board of Trustees.

The Civil Service Rules were extended to the Village of Depew on January 5, 1937. The first eligible list was made effective on January 19, 1939. Obviously these six policemen were not appointed from a civil service list and took no civil service examination. It is so stipulated in the " agreed statement of facts."

The pivotal question here is whether or not the policemen in question are " policemen appointed under the regulations of the civil service commission " within the intent and meaning of those words as used in the statute.

The village trustees of the Village of Depew by resolution of August 18, 1930, established a village police department as

authorized in section 188-a of the Village Law. The incumbent policemen were continued in office and on June 17, 1936, policeman Lindauer was appointed. The village raises no question as to the validity of the appointment of the policemen other than Lindauer. It argues that his appointment was made subsequent to the time of the extension of the Civil Service Rules and without examination and that, therefore, his appointment was not valid. Such argument is based, we believe, upon an erroneous understanding as to the date of the extension of the Civil Service Rules. The Civil Service Rules were extended to cover the Village of Depew on January 5, 1937 (cf. Rules for Classified Civil Service, rule XXIV, McKinney's Cons. Laws of N. Y., Book 9, Civil Service Law [1940 ed., Appendix], p. 412; also *Matter of Ricker* v. *Village of Hempstead,* 290 N. Y. 1).

Section 188-b of the Village Law provided for the appointment of village policemen serving as such at the time of the establishment of the police department, and further provided that in a village to which the rules of the State Civil Service Commission had been extended, no person shall be appointed unless he shall have passed an examination held by the State Civil Service Commission. In this case the rules of the Civil Service Commission were extended subsequent to the appointment of each of the policemen involved here. When the rules were extended these policemen were taken into the civil service along with their positions (*Felder* v. *Fullen,* 27 N. Y. S. 2d 699, 711, affd. 263 App. Div. 986, affd. 289 N. Y. 658). They were village policemen in the same position as the petitioner in *Matter of Ricker* v. *Village of Hempstead* (290 N. Y. 1), who, as pointed out by Judge LOUGHRAN in his opinion was " in effect within an exempt class of the civil service at the time of his appointment, because up to that time the State Civil Service Commission had found it impracticable to order competitive examinations in that field." The views thus expressed in the *Ricker* case would seem to overrule the reasoning underlying the decisions in *Matter of Gainey* v. *Village of Depew* (257 App. Div. 918) and in *Matter of Rotheim* v. *Patterson* (172 Misc. 353). In any event the Legislature removed all doubt as to their status when it enacted chapter 598 of the Laws of 1940 amending section 188-1 of the Village Law by adding the following provision: " Village policemen who are employed at the time this act, as hereby amended, takes effect, and who were employed at the time the rules of the state civil service commission were extended to the police department of the village in which they are employed, shall continue to hold their positions without further examina-

tion and shall be removed only upon compliance with the provisions of section one hundred eighty-eight-f of this chapter."

The validity and constitutionality of this amendment were declared in *Matter of Ricker* v. *Village of Hempstead* (290 N. Y. 1). Thus it follows that the policemen in question here were legally appointed, and have acquired all the rights and privileges of civil service appointees. Their status under the Civil Service Law does not differ from the status of other village policemen appointed from a civil service list subsequent to the extension of the Civil Service Rules. Both are now under the regulations of the Civil Service Commission. In legal effect they are " village policemen appointed under the regulations of the civil service commission employed in * * * villages." They should be deemed to be such within the purview of the amendment to section 76 of the Civil Service Law. We think that such was the intent of the Legislature.

A careful scrutiny of the Civil Service Law and the amendments thereof down to the present time evidences no intent on the part of the Legislature to withhold from village policemen who have been " covered in " to their civil service status any of the benefits which it has provided for civil service employees appointed subsequent to the extension of the rules to their respective villages.

The subject of pensions of State and municipal officers and employees has for a long time received the attention of the Legislature. As far back as 1922 there was created by the Legislature a State Pension Commission to inquire into the subject of pensions and to make reports to the Legislature and the Governor (L. 1922, ch. 269). An examination of the statutes creating the State Retirement System together with the amendments thereto indicates a legislative purpose gradually to extend the benefits of the State Employees' Retirement System to all State and municipal officers and employees not covered by any local pension system. When in 1937 it made these benefits compulsory for village policemen in the civil service, it seems unlikely that it intended to exclude from such benefits village policemen then serving after legal appointment. Statutes enacted, both before and after the amendment under discussion, indicate a continuing purpose on the part of the Legislature over a period of years to clothe such policemen with full civil service rights (See L. 1934, ch. 593, § 1, amdg. Village Law, § 188-a; L. 1940, ch. 598, amdg. Village Law, § 188-1).

It would be consistent and reasonably to be expected that when the Legislature acted to extend the benefits of the retire-

ment system to village policemen in the civil service, these policemen would be included. The considerations which generally prompt legislative bodies to enact retirement or pension laws apply to them as well as to the others. The language used in the amendment, while not entirely clear, does not necessarily impute a contrary intention. The village policemen were legally " appointed." They are serving " under the regulations of the civil service commission." The word " appointed " is sometimes used in ordinary conversation to refer to one who is " in office " or who is " holding office " by appointment. We think it was used in that sense here and that the amendment in question applies to village policemen holding office under the regulations of the Civil Service Commission. A contrary holding would be out of harmony with the apparent legislative design.

It is of interest to note that the policemen involved here are listed upon the official roster of the State Civil Service Commission. Section 19 of the Civil Service Law requires the Commission to keep in its office an official roster of the classified civil service and to enter thereon the name of every person appointed to, promoted or reinstated in the service in conformity with the law and the rules prescribed pursuant to said chapter.

It is of interest to note, also, that since February 8, 1938, the Village of Depew has made a semi-monthly report of its payroll to the State Civil Service Commission, which Commission, pursuant to section 20 of the Civil Service Law, has certified that the policemen involved here have been " appointed or employed or promoted in pursuance of law and of the rules made in pursuance of law."

Our attention is called also to the memorandum furnished to the Governor by the State Pension Commission at the time he had before him for approval the bill now under consideration. That memorandum informed the Governor " This bill would cause all policemen in all municipalities that do not have a local plan to participate in the New York State Employees' Retirement System." The function of the Governor in approving or disapproving bills submitted by the Legislature is legislative in nature (*Matter of Doyle,* 257 N. Y. 244, 261; *The People* v. *Bowen,* 21 N. Y. 517, 521). This memorandum tends to throw some light, at least, on the circumstances under which the bill received the Governor's approval.

The municipality or civil division whose employees become members of the retirement system becomes a participating organization (Civil Service Law, § 50, subd. 21). A partici-

pating organization becomes liable to contribute to the retirement system on behalf of its employees who are members in the same manner as the State would be liable if the members were State employees (Civil Service Law, § 78). It follows that if we are correct in our view that the amendment to section 76 of the Civil Service Law results in compulsory membership of the policemen of the Village of Depew in the retirement system, then the Village of Depew has become a participating organization and is obligated to contribute to the retirement system in the same manner in which the State would contribute in the case of State employee members. Speaking generally, that obligation involves the payment of so-called "normal contributions" to provide for liabilities currently accruing in the system and a "deficiency contribution" to provide for liabilities on account of prior service.

The referee has found that the village is liable for the normal contributions but not liable for the accrued liability on account of prior service.

There is no indication in the amendment to section 76 of the Civil Service Law that the compulsory membership for village policemen is anything less than a full membership, or that it is limited in any respect.

The State or the participating municipality, as the case may be, is required under the law to make contributions sufficient to accumulate a fund adequate to pay the pensions provided for under the law. One item of the contribution to be made by the State or participating municipality is the contribution to cover service rendered by a member prior to the first date of his eligibility for membership in the retirement system. This is known as the deficiency contribution and referred to in the statute as the accrued liability.

It is provided by section 78 of the Civil Service Law that the Comptroller shall make computations and certify the results of the same to the chief fiscal officer of each participating organization. Section 76 of the Civil Service Law empowers the Comptroller to make arrangements with the village for the payment of the accrued liability as computed by the actuary on such terms as the financial condition of the village will permit.

It is argued on behalf of the village that since it did not consent to become a participating organization by approval of its Board of Trustees in the manner provided by section 75 of the Civil Service Law, it cannot be compelled to pay the accrued liability on account of prior service. We think, however, that it was within the power of the Legislature to impose that obliga-

tion upon the village even without its consent. Such an obligation is public and governmental in its nature.

The final order appealed from should be modified accordingly, and as so modified affirmed, without costs.

All concur. Present — TAYLOR, P. J., DOWLING, HARRIS, McCURN and LARKIN, JJ.

Final order, designated in the record as a judgment, and an order, so far as appealed from, modified on the law in accordance with the opinion and as modified affirmed, without costs of this appeal to any party.