Deyo, J.
The plaintiffs-appellants, on behalf of themselves and other taxpayers of the county of Broome, seek to restrain the Town of Union, Broome County, New York, from withdrawing from the county welfare unit and from constituting itself as a separate welfare district. The contention is that various *71 statutes authorizing the Town of Union to take this action do violence to the County Home Rule provisions embodied in article IX of the State Constitution. Specifically, it is claimed that these statutes are local in nature and hence required either the approval of the Board of Supervisors or the certificate of the Governor and a two-thirds vote of the Legislature for enactment.
The first two statutes referred to, chapter 197 of the Laws of 1930 and chapter 595 of the Laws of 1936, authorized any town in Broome County having a population of 30,000 or more to elect to assume the responsibilities of a city in a county public welfare district. Concededly, the Town of Union was the only town which could qualify and the only town that did so elect. At the dates when these two statutes were enacted there was no constitutional prohibition or restriction against the enactment of this type of legislation, so far as the town of Union or the County of Broome was concerned, and the town, therefore, legally and constitutionally, acquired the status of a city in a county welfare district.
Article IX of the State Constitution became operative January 1, 1939, and imposed the above conditions, concededly not met in the instant case, upon the enactment of special or local laws and those relating to one county only. Thereafter, chapter 619 of the Laws of 1940 was enacted without compliance with the constitutional conditions and which again gave to any town in Broome County having a population of 30,000 or more the right to assume the responsibilities of a city in a county public welfare district. (Social Welfare Law, § 55.) This statute, at least insofar as the present question is concerned, merely consolidated and recodified the existing law, including the two earlier statutes above referred to, without substantial change, modification or amendment. Consequently, it is not to be regarded as a new law enacted in violation of the constitutional ban, but merely as a continuation of the old law, valid when adopted, whereby rights previously acquired are preserved and held inviolate. (General Construction Law, § 95; McKinney’s Cons. Laws of N. Y., Book 1, Statutes [1942 ed.], § 374; Matter of Allison v. Welde, 172 N. Y. 421, 431; Matter of Prime, 136 N. Y. 347.) Actually, the Town of Union took no action with reference to its welfare status pursuant to the authority granted it by chapter 619 of the Laws of 1940, but rather, continued to exercise those powers which it had lawfully acquired under the earlier statutes, concededly valid at the time of their enactment. Up to this point then, there is no violation of any constitutional limitation.
*72 The principal attack is directed against chapter 200 of the Laws of 1946 [amdg. Social Welfare Law], section 75-a of which granted to each town in the State having a population of 50,000 or more, and which had already assumed the responsibilities of a city in a county public welfare district the right to elect to constitute itself a town welfare district, such action to be taken not later than November 15, 1946. The Town of Union took such action, and with the approval of the Department of Social Welfare has been acting ever since as a separate district, functioning independently of the County of Broome. Concededly, the Town of Union was the only town in the State which could qualify under this section.
The initial difficulty with appellants’ argument is that it entirely overlooks the fact that the statute attacked as violating the County Home Rule provisions of the Constitution has absolutely nothing to do with and does not so much as mention any county. By its very terms the statute applies to towns and welfare districts. There is no home rule provision in the Constitution relating to towns or districts and hence, there is no such provision which could be violated. Towns and districts do not fall within the scope of the constitutional provision relating to counties. (Buchanan v. Town of Salina, 270 App. Div. 207, 213.) There is nothing odd or unusual in the fact that the People may have seen fit to restrict the Legislature by constitutional amendment in regard to its dealings with one subdivision of government and leave it unfettered as to another. Witness, for example, the City Home Rule provisions which antedated those relating to counties by a good fifteen years. Since the People have not seen fit to promulgate restrictions as to towns or welfare districts, there could be no constitutional infringement. The Legislature will not be found guilty of unconstitutional usurpation of prohibited powers without a clear showing that there has been a violation of a constitutional restriction. (Matter of Ricker v. Village of Hempstead, 290 N. Y. 1, 5.)
The foregoing would seem to constitute a complete answer to the claims advanced by the plaintiffs-appellants, but even if the statute under attack did relate to counties it would still be constitutional. The earlier City Home Rule provisions adopted in 1923 (art. IX, § 11 et seq. formerly art. XII, § 2 et seq.) restricted the Legislature “ in relation to the property, affairs or government of any city ”. As the courts have repeatedly pointed out, this is not an all embracive restriction. Matters *73 not related to “ property, affairs or government ” are not included. (Adler v. Deegan, 251 N. Y. 467.) The constitutional provision concerning County Home Buie, by its terms, relates to “ the organization and government of counties.” There is nothing to warrant any assumption that the restrictions on the Legislature therein contained were intended to apply to any other functions outside of organization and government. Under the City Home Buie provisions, matters of health have been specifically held to be matters of State concern, and not within the constitutional restrictions. (Robertson v. Zimmermann, 268 N. Y. 52; Adler v. Deegan, supra.) It must be assumed that a similar conclusion would be reached under the County Home Buie provisions. Certainly, if public health is so broad a term and of such wide interest to the State as a whole as to remove legislation affecting it, from the constitutional restrictions, then welfare, being even more general in scope, would be accorded similar treatment. The Constitution clearly indicates that such is the case, for it specifically provides that “ both public relief and care ” and “ public health ” are matters of public concern to be treated in like manner. Since neither health nor welfare can be localized or limited to the boundaries of any one county, city, town or district, legislation relating thereto cannot be included within the category of special or local laws affecting the organization and government of any one county.
Finally, and as a complete answer to the plaintiffs-appellants, it has long been the settled law of this State that a general statute relating to a matter of State concern and applying to all localities having a given population, is not rendered “ local ” by the fact that only a single locality may at the time of its enactment be eligible to qualify under it. (Adler v. Deegan, supra; People v. Dunn, 157 N. Y. 528; Matter of Church, 92 N. Y. 1; Buchanan v. Town of Salina, 270 App. Div. 207, 212, supra.) “ The constitutionality of a statute is not determined by matters outside of the statute, but from the statute itself.” (Kittinger v. Buffalo Traction Co., 160 N. Y. 377, 397.) It goes without saying that welfare problems and their administration differ in communities of varying sizes. It cannot be said that a classification based on population is unreasonable or arbitrary. The doctrine expressed in Matter of Henneberger (155 N. Y. 420) and in Stapletons. Pinckney (293 N. Y. 330) does not apply.
The judgment should be affirmed, without costs.
Foster, P. J., Hefferbab, Brewster and Bergab, JJ., concur.
Judgment affirmed, without costs.