LILLIAN A. BELSCHER, as Executrix of MARY I. BROSEMER, Deceased, Respondent, *v.* NEW YORK STATE TEACHERS' RETIREMENT SYSTEM, Appellant.

Fourth Department, July 5, 1974.

*Louis J. Lefkowitz, Attorney-General (William J. Kogan* and *Ruth Kessler Toch* of counsel), for appellant.

*Burke & Burke (Thomas M. Burke* of counsel), for respondent.

WITMER, J.  This case presents the question of the jurisdiction of the Supreme Court to determine an issue of liability for breach of a contract between the New York State Teachers' Retirement System and the estate of a deceased member thereof. Defendant, New York State Teachers' Retirement System, appeals from the order of Special Term granting summary judgment to plaintiff as executrix of the will of Mary I. Brosemer, deceased, on the first cause of action of the complaint in her action to recover interest on the benefit due to the estate by reason of testatrix's death and denying defendant's cross motion for summary judgment dismissing the complaint.

Testatrix died on December 25, 1970.  Because defendant believed that the designation of beneficiaries by testatrix was defective and ambiguous, on January 25, 1971 it refused to pay without a court order the death benefit of $56,792.19 admittedly owing.  By decree dated January 31, 1972 the Erie County Surrogate directed that defendant pay said benefit, plus whatever interest had accrued thereon, to plaintiff as executrix. On March 6, 1972 defendant paid the principal amount to plaintiff but refused to pay interest thereon, and plaintiff brought this action in Supreme Court to recover interest on such sum at the rate of $7\frac{1}{2}\%$ from the date of testatrix's death to the date of payment of the benefit on March 6, 1972, amounting to the sum of $5,099.62.  Upon motion, Special Term granted summary judgment therefor to the plaintiff.

In its cross motion and on this appeal defendant contends that the Supreme Court lacks jurisdiction of this action, because in essence it is an action against the State of New York over which the Court of Claims has exclusive jurisdiction, and so this action must be dismissed.  Some aspects of this subject are not free from doubt, but on the facts of this case we believe

that defendant is correct and that the complaint must be dismissed for lack of jurisdiction in the Supreme Court.

It must be noted, at the outset, that the Court of Claims has jurisdiction over all actions by and against the State itself, and, generally speaking, by and against agents and agencies of the State exercising governmental powers (see *Psaty* v. *Duryea,* 306 N. Y. 413). In creating a State agency the Legislature has often expressly provided that actions against the agency are exclusively within the jurisdiction of the Court of Claims (see Public Authorities Law, §§ 163-a, 212-a and 361-b); and the Court of Appeals has recognized that such legislative provision is controlling (*Easley* v. *New York State Thruway Auth.,* 1 N Y 2d 374).

In respect of a corporation as to which the Legislature has made no specification with regard to court jurisdiction, the court must determine whether the business of the corporation is so closely linked with State functions as to be essentially the State itself (*Glassman* v. *Glassman,* 309 N. Y. 436, 440–441; *Story House Corp.* v. *State of New York Job Development Auth.,* 37 A D 2d 345). In our view the holding in *Glassman* (*supra*), that the New York State Employees' Retirement System is a governmental agency clothed with the authority of the State is dispositive of the jurisdictional issue in this case.

Although there are differences between the New York State Employees' Retirement System and the defendant, the New York State Teachers' Retirement System, they perform essentially similar functions for the State. The Employees' System has the State Comptroller as its administrative head, whereas the Teachers' System is operated by an independent board of nine members, only three of whom are State employees (Education Law, § 504). The State Comptroller invests the funds of the Employees' System (Retirement and Social Security Law, § 13), whereas the funds of the Teachers' System are invested by its own retirement board (Education Law, § 508). The State Attorney-General is legal advisor to the Employees' System (Retirement and Social Security Law, § 14), but not to the Teachers' System (Education Law, § 507, subd. 2). Yet, two members of the board of the Teachers' System must be administrative officers of the New York State School System appointed by the Commissioner of Education and one shall be the State Comptroller or his designee (Education Law, § 504, subd. 2, subds. c. and d.). The Teachers' System is supervised by the State Insurance Department (Education Law, § 523), and the custodian of that System's funds is the head of the State Divi-

sion of the Treasury in the Department of Taxation and Finance (Education Law, § 507, subd. 3). Both the Employees' System (Retirement and Social Security Law, § 30; *Matter of Moore ex rel. New York State Employees' Retirement System* v. *Village of Depew*, 269 App. Div. 607, affd. 295 N. Y. 908) and the Teachers' System (Education Law, § 501, subd. 4) involve employees of local districts and communities. Only the classes of employees of the two Systems are different (see Education Law, art. 11; Retirement and Social Security Law, art. 2). In short, the extent of State supervision of these two Systems is so similar that we find no reason to distinguish them for purposes of court jurisdiction.

Regardless of which nisi prius court has jurisdiction of this case, however, an appeal from the judgment of either court is made to this court (Court of Claims Act, § 24). We indicate, therefore, that if we were to reach the merits of this case on appeal, to wit, the amount of interest to which plaintiff is entitled, we would hold that defendant is a municipal corporation (Education Law, § 501, subd. 3; and see § 521) and that section 3-a of the General Municipal Law controls (see McKinney's Consolidated Laws, Practice Commentary by David D. Siegel, Book 7B, CPLR 5004), and hence interest at the rate of 3% per annum is applicable (see *Forte* v. *New York City Employees' Retirement System,* 34 N Y 2d 532).

Interest on a claim accrued against a municipal corporation is payable only from the date of the demand for payment of the principal sum due (*Rapid Tr. Subway Constr. Co.* v. *City of New York,* 259 N. Y. 472; *Taylor* v. *Mayor,* 67 N. Y. 87, 94). Upon the record in this case it appears that demand for payment was made and refused on January 25, 1971, and hence interest at the rate of 3% per annum should be payable on the principal sum, to wit, $56,792.19, from January 25, 1971 to March 6, 1972, the date on which the principal was paid. Thus, if we were to entertain the action and reach the merits, we would hold that plaintiff should recover interest from defendant on her first cause of action, calculated on the above limited basis.

The order should, therefore, be reversed, plaintiff's motion for summary judgment denied and defendant's cross motion for summary judgment dismissing the complaint granted.

MARSH, P. J., MOULE, CARDAMONE and SIMONS, JJ., concur.

Order unanimously reversed on the law without costs, plaintiff's motion for summary judgment denied, defendant's cross motion for summary judgment granted and complaint dismissed.