■ BARBARA DAVIS, Respondent, v CITY OF NEW YORK et al., Appellants, et al., Defendants.—In an action *inter alia* to restrain interference with plaintiff as administrative director of the Roc Sommers Day Care Center, defendants City of New York and Olga Mendez, Deputy Commissioner of the Human Resources Administration of the City of New York, appeal from an order of the Supreme Court, Kings County, dated June 9, 1975, which, *inter alia,* (1) denied their motion to dismiss the complaint as against them and (2) preliminarily restrained the city from funding the Roc Sommers Day Care Center pending the formation of a corporation with a duly elected board of directors. Order modified, in the exercise of discretion and in the interests of justice, by deleting the second decretal paragraph thereof and substituting therefor the following: "Ordered, that the City of New York shall cease and desist from funding the Roc Sommers Day Care Center through its acting board of directors, and shall make all required

payments to the receiver named herein, upon its qualification as such, until the said Roc Sommers Day Care Center is duly incorporated pursuant to the laws of the State of New York and a board of directors is duly elected." As so modified, order affirmed, without costs. Appellants were properly named as party defendants in this action. Although they are not charged with any wrongful acts, they are necessary parties within the meaning of CPLR 1001 (subd [a]) because they were the source of the funds which allegedly motivated the wrongful acts of the other defendants. Since appellants are authorized by law to contract for day care services with unincorporated associations (Social Services Law, § 410, subd 3, par [a]), it was error to enjoin payments to the Roc Sommers Day Care Center on the ground that such payments were made "in violation of the laws and guidelines promulgated". Although the city requires that such nonprofit day care centers take steps to become incorporated in order to receive certain tax advantages, it is not prohibited from doing business with them unless and until they do become incorporated. We are of the opinion that, in order to prevent a disruption of day care services to eligible persons served by the center in question and to protect against the malfeasance alleged against the defaulting defendants, payments should be made by appellants to the receiver appointed by Special Term pending incorporation of the center and the due election of a board of directors. Rabin, Acting P. J., Hopkins, Christ, Munder and Shapiro, JJ., concur.